IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Sherman Jilton (#2013-0615121), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16 C 4354 |
| THE SHERIFF OF COOK COUNTY, individually and in his official capacity; COOK COUNTY, DR. NNEKA JONES TAPIA, individually and in her official capacity as Executive Director of the Cook County Department of Corrections; UNKNOWN EMPLOYEES OF THE COOK COUNTY SHERIFF'S OFFICE, and UNKNOWN EMPLOYEES OF THE OFFICE OF COOK COUNTY, | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

Plaintiff, SHERMAN JILTON, by and through his attorneys, the LAW OFFICES OF KEVIN E. O'REILLY LLC, and complaining of the Defendant, the COOK COUNTY SHERIFF, individually and in his official capacity, COOK COUNTY, DR. NNEKA JONES TAPIA, individually and in her official capacity as Executive Director of the Cook County Department of Corrections (the "Cook County Jail"), UNKNOWN EMPLOYEES OF THE COOK COUNTY SHERIFF's OFFICE, and UNKNOWN EMPLOYEES OF THE OFFICE OF COOK COUNTY and with this Complaint alleges as follows:

**INTRODUCTION**

1. Upon detainment at the Cook County Jail, Plaintiff, SHERMAN JILTON ("Jilton"), immediately notified the processing Cook County Sheriff's that he suffered and currently suffers from neck and back pain. However, the Defendants denied Jilton, adequate

medical treatment. Moreover, while detained at the Cook County Jail, Jilton slipped and fell on an unnatural accumulation of water. This slip and fall further aggravated Jilton's preexisting back and neck injuries. Thereafter, Defendants continued to deny Jilton adequate medical treatment.

  2. This action is brought pursuant to 42 U.S.C Section 1982 to redress the deprivation under color of Jilton's rights as secured by the United States Constitution.

## JURISDICTION AND VENUE

  3. This Court has jurisdiction over this action pursuant to 28 U.S.C §§1331 and 1367.

  4. Venue is proper under 28 U.S.C §1391(b) and (c). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

## PARTIES

  5. Plaintiff, SHERMAN JILTON ("Jilton"), is a 52 year old resident of Cook County, Illinois.

  6. At the time of the events at issue in this case, Jilton was and currently remains detained at the Cook County Jail in Chicago, Illinois.

  7. The Cook County Jail is operated by Defendant, the Cook County Sheriff, and the Cook County Department of Corrections.

  8. At all times relevant hereto, Defendants, the Cook County Sheriff was employed by the Cook County Sheriff's Office in the capacity of Sheriff. As such, Defendant, the Cook County Sheriff, was acting under color of law.

  9. At all times relevant to the events at issue in this case, Defendants promulgated

rules, regulations, policies, and procedures as Sheriff for the training, supervision, and discipline of correctional officers with respect to, among other things: (1) detainee intake procedures; (2) transporting detainees between cell blocks and/or to and from medical facilities; (3) communicating or failing to communicate detainee requests and/or medical issues to a Sergeant, medical personnel or other member of the Cook County Jail's supervisory staff; (4) proper methods for maintaining the Cook County Jail's walkways and other common areas; and (5) properly filling out Incident and Medical Request Reports.

10. Defendants' policies were implemented by and through the Cook County Jail employees including the individual Defendant Officers, employees and agents.

11. At all times relevant hereto, Defendant, the Cook County Sheriff, as Sheriff of Cook County, was the final policymaker for the Cook County Sheriff's Office

12. At all times relevant hereto, Defendant, DR. NNEKA JONES TAPIA, as the Director of the Cook County Department of Corrections and the Cook County Jail, was the final policy maker for the Cook County Jail.

13. At all times relevant to the events at issue in this case, Defendant Dr. Nneka Jones Tapia, was employed by Cook County as the Executive Director of the Cook County Jail. As such, Defendant Jones Tapia was acting under color of law.

14. Upon information and belief, Defendants, the Cook County Sheriff and/or Dr. Nneka Jones Tapia, had the authority to approve of deny medical treatment of detainees, including, Jilton.

15. Defendant Cook County is a county of the State of Illinois. It oversees the Cook County Sheriff's Office, and the Cook County Department of Corrections, which, in turn, operates the Cook County Jail.

**FACTUAL BACKGROUND**

16. On June 15, 2013, Plaintiff, SHERMAN JILTON ("Jilton"), was processed at the Cook County Jail.

17. Upon being processed at the Cook County Jail, Jilton informed Unknown Employees of Unknown Employees of the Cook County Sheriff's Office, and Unknown Employees of the Office of Cook County that he suffered from excruciating neck and back pain.

18. On or around August 20, 2013, Defendants provided Jilton with a doctor's appointment with their medical provider.

19. However, on August 20, 2013, Jilton was not seen by a physician, but rather a physician's assistant.

20. The Defendants' physician's assistant was unable to assess Jilton without a physician. Further, she was unable to prescribe medication or recommend permanent changes to Jilton's sleeping arrangements. However, Defendants' physician assistant did approve Jilton's temporary low bunk accommodations/permit.

21. Shortly thereafter, Defendants' medical provider prescribed Naproxen to Jilton for his neck and back pain.

22. Repeatedly thereafter, Jilton notified Defendants that Naproxen, an anti-inflammatory drug, and not a painkiller, did not alleviate his neck and back pain.

23. After some time, Defendants informed Jilton, that they did not allow detainees certain medication (*i.e.* painkillers) within the Cook County Jail.

24. On January 8, 2014, Jilton filed an INMATE GRIEVANCE, with the Defendants. Jilton stated that Defendants' failed to provide him with any further medical treatment. Jilton further stated that his low bunk accommodations/permit should be renewed and/or made permanent.

25. On January 10, 2014, Defendants responded by denying Jilton further treatment because his original neck and back x-rays were negative. Defendant granted Jilton a low bunk accommodation/permit pending additional x-rays.

26. On January 22, 2014, Jilton appealed Defendants determination because he was still experiencing neck and back pain.

27. On February 19, 2014, Jilton filed a formal complaint, because Defendants' denied Jilton's request for low bunk accommodations permit. Jilton reiterated his low bunk accommodations/permit request.

28. On March 4, 2014, Defendants' physician assistant reviewed Jilton's x-rays, and denied Jilton's low bunk accommodations/permit request.

29. On March 10, 2014, appealed Defendants determination, and reiterated his request for a low bunk accommodations/permit.

30. On April 4, 2014, Defendant denied Jilton's appeal for his low bunk accommodation/permit due to his neck and back pain.

31. On September 30, 2015, Jilton slipped and fell on an unnatural accumulation of water on the second floor of the Cook County Jail. Jilton further aggravated his neck and back pain.

32. On or around November 13, 3014, Jilton formally filed a complaint with the Cook County Jail stating that his numerous requests for medical attention for his increased neck and back pain went unheeded.

33. Thereafter, Jilton was denied adequate medical treatment for his neck and back pain.

34. On March 24, 2015, Jillton sent a letter to the Cook County Jail to further

complain about his neck and back pain. He was again advised that a detainee could not be prescribed narcotic or other similar painkillers to alleviate his neck and back pain.

35. To date, Jilton suffers from neck and back pain.

36. Today, Jilton's neck and back pain is worse than when he was detained by Defendants on June 15, 2013 due to his slip and fall and Defendants refusal to provide him with adequate treatment and/or medication.

37. From March 24, 2015 to the present, Jilton has continued to complain about his neck and back pain and continued to request medical treatment.

38. On December 28, 2015, Jilton even sent a letter to Defendant, Cook County Sheriff, notifying him of Jilton's untreated neck and back pain.

39. From June 15, 2013 to the present, Defendants denied Jilton access to adequate medical treatment for his neck and back pain.

40. As a result of Defendants' repeated refusal to provide Jilton with necessary medical care, treatment and/or medical from June 15, 2013 to the present for his neck and back pain, Jilton has suffered substantial pain. The pain wakes him up at night and makes it difficult for him to sit for extended periods of time.

<b>Count I – 42 U.S.C. §1983<br><u>Failure to Provide Adequate Medical Care</u></b>

41. Paragraph 1 through 40 are re-alleged and incorporated herein by reference as if fully set forth herein.

42. Defendants have demonstrated deliberate indifference to Jilton's serious medical needs

43. Defendants have demonstrated deliberate indifference to Plaintiff, Sherman Jilton's serious medical needs, causing him significant ongoing pain and putting him at risk for

continued pain and further pain, suffering and injury.

44. By Defendants actions (and inactions), taken under the color of law, Defendants have violated Plaintiff's right to be free from cruel and unusual punishment, guaranteed to him by the Eight and Fourteenth Amendment to the United States Constitution.

45. Defendants' conduct is actionable pursuant to 42 U.S.C. §1983.

46. Defendants actions have caused damages to Plaintiff in an amount to be determined at trial.

Wherefore, Plaintiff, SHERMAN JILTON, requests this Court to order the following relief:

a. Judgment against all Defendants;
b. Preliminary and permanent injunction requiring Defendants to (1) referJilton to a specialist who can evaluate Jilton's neck and back injuries and recommend effective treatment, and (2) provide all necessary treatment to reduce Jilton's neck and back pain to the greatest extent possible;
c. Compensatory damages in an amount to be determined at trial;
d. Punitive damages against Defendants in an amount to be determined at trial;
e. An Award if attorneys' fees and litigation costs, pursuant to 42 U.S.C. §1988; and
f. Such other relief as this Court deems just and proper.

### Count II – State Law Claim
### Negligence

47. Paragraph 1 through 46 are re-alleged and incorporated herein by reference as if fully set forth herein.

48. At the time and place aforesaid, Jilton was a detainee at the Cook County Jail, and lawfully at said premises.

49. At the time and place aforesaid, Jilton slipped and and fell in a walkway located on the second floor of the Cook County Jail on an unnatural accumulation of water.

50. At the time and place aforesaid, the Defendants were careless and negligent in one or more of the following ways:

    a. Allowed the an unnatural accumulation of water to exists on a walkway outside or in the vicinity of the Cook County Jail's second floor chapel to remain in an unsafe, dangerous or hazardous condition so as a proximate result thereof the plaintiff was injured;

    b. Created an unsafe, dangerous or hazardous condition so as a proximate result thereof the plaintiff was injured;

    c. Allowed an unnatural accumulation of water to exist, creating an unsafe, dangerous or hazardous condition;

    d. Maintained or allowed to exist a poorly lit walkway so as to cause an unsafe, dangerous or hazardous condition;

    e. Failed to warn the plaintiff or anyone else of the an unsafe, dangerous or hazardous condition of the aforesaid walkway;

    f. Allowed the plaintiff and others to walk on the aforesaid walkway despite its unsafe, dangerous or hazardous condition;

    g. Failed to notice or remedy the unsafe, dangerous or hazardous condition of the aforesaid walkway despite adequate opportunity to do so;

51. As a direct and proximate result of one or more of said negligence/wrongful acts or omissions of the Defendants as set forth herein, the Plaintiff sustained injuries of a personal, pecuniary, and permanent nature and was injured, both physically and mentally, and has suffered and will in the future suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement, all of which injuries are permanent; and the plaintiff has been and will be prevented from attending to her ordinary affairs and duties.

WHEREFORE, Plaintiff, SHERMAN JILTON, prays for judgment against the Defendants, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the cost of this lawsuit, and for such other relief as the Court deems just and proper.

**Count III – State Law Claim**
**Respondent Superior – Sheriff of Cook County**

52. Paragraph 1 through 51 are re-alleged and incorporated herein by reference as if fully set forth herein.

53. In committed the acts alleged in the preceding paragraphs, Defendant's Officers were employees, member, and agents of the Cook County Sheriff's office acting at all relevant times within the scope of his or her employment.

54. The Cook County Sheriff is liable as principle for all torts committed by its agents.

WHEREFORE, Plaintiff, SHERMAN JILTON, prays for judgment against the Defendants, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the cost of this lawsuit, and for such other relief as the Court deems just and proper.

**Count IV – State Law Claim: Indemnification**
**Indemnification – Sheriff of Cook County**

55. Each paragraph of this Complaint is incorporated as if restated fully herein.

56. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

57. Defendant Officers are or were employees of the Cook County Sheriff's Department, who acted within the scope of their employment in committing the misconduct described above.

58. Cook County is obligated to pay any judgment entered against the Sheriff in an official capacity.

WHEREFORE, Plaintiff, SHERMAN JILTON, prays for judgment against the Defendants, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the cost of this lawsuit, and for such other relief as the Court deems just and proper.

### Count V – State Law Claim
### Respondent Superior –Cook County

59. Paragraph 1 through 58 are re-alleged and incorporated herein by reference as if fully set forth herein.

60. In committed the acts alleged in the preceding paragraphs, Defendant's representatives were employees, member, and agents of Cook County acting at all relevant times within the scope of his or her employment.

61. The Cook County Sheriff is liable as principle for all torts committed by its agents.

WHEREFORE, Plaintiff, SHERMAN JILTON, prays for judgment against the Defendants, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the cost of this lawsuit, and for such other relief as the Court deems just and proper.

### Count VI – State Law Claim: Indemnification
### Indemnification –Cook County

62. Each paragraph of this Complaint is incorporated as if restated fully herein.

63. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

64. Defendant's representative were and/or are employees of Cook County, who acted within the scope of their employment in committing the misconduct described above.

65. Cook County is obligated to pay any judgment entered against their agents in an official capacity.

WHEREFORE, Plaintiff, SHERMAN JILTON, prays for judgment against the Defendants, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the cost of this lawsuit, and for such other relief as the Court deems just and proper.

/s/ Kevin E. O'Reilly
Kevin E. O'Reilly
Attorney for the Plaintiff

**Law Offices of Kevin E. O'Reilly, LLC**
**Three First National Plaza**
**70 W. Madison Street, Suite 2100**
**Chicago, Illinois**
**T (312) 726-4510**
**F (312) 726-4512**
**keolaw@kevineoreilly.com**
**Attorney No.: 6279971**